UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

CLINT SYLVESTER, *individually and for all others similarly situated*,

        Plaintiff,

   v.

SOUTHERN CROSS, LLC,

        Defendant.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-1796 (RPK) (SJB)

RACHEL P. KOVNER, United States District Judge:

    Clint Sylvester brings this putative class action against Southern Cross, LLC seeking liquidated damages under New York Labor Law Sections 191 and 198 for failure to pay manual workers on a weekly basis. Defendant moves to stay the case pending the potential resolution of a split within the New York Supreme Court, Appellate Division over whether Section 198 provides the private cause of action on which plaintiff relies. For the reasons explained below, defendant's motion to stay is granted. The parties are directed to file a joint status report within two weeks of the Second Department's ruling on the pending motion for leave to appeal its decision in *Grant v. Glob. Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (App. Div. 2024).

## BACKGROUND

    Plaintiff, who was formerly employed as a service line technician by defendant, filed this putative class action contending that defendants violated the New York Labor Law by failing to pay him and other manual workers on a weekly basis as required by New York Labor Law Sections 191 and 198. *See* Compl. ¶¶ 3–6, 23, 35–38, 99–108 (Dkt. #1).

1

New York's intermediate appellate courts have reached different conclusions regarding whether New York Labor Law 198 provides a private right of action to employees seeking liquidated damages for violations of the timely pay requirements of Section 191.  The Third Department concluded that it does, *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 288–89 (App. Div. 2019), but the Second Department concluded earlier this year that it does not, *Grant v. Glob. Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117, 125 (App. Div. 2024).  An unopposed motion for leave to appeal that issue to the New York Court of Appeals is currently pending in *Grant*.  Mot. for Leave to Appeal, No. 2021-03202 (N.Y. App. Div. Feb. 15, 2024), NYSCEF No. 24 at 2, 11 (seeking leave to appeal to the Court of Appeals to resolve the *Grant-Vega* split); Def.'s Resp., No. 2021-03202 (N.Y. App. Div. Mar. 11, 2024), NYSCEF No. 25 at 12 (taking no position on plaintiff's motion for leave to appeal on that issue).

Defendant moved to dismiss the complaint—arguing that plaintiff lacks a cause of action to vindicate the alleged New York Labor Law violation—or, alternatively, to stay the case pending the potential resolution of the *Grant-Vega* split.  *See generally* Mem. in Supp. of Mot. to Dismiss or Stay ("Mem. in Supp.") (Dkt. #17); Reply (Dkt. #20); Def.'s Suppl. Ltr. (Dkt. #22).  Plaintiff opposes defendant's motion.  *See generally* Opp'n (Dkt. #19); Resp. to Def.'s Suppl. Ltr. (Dkt. #23).

## DISCUSSION

Defendant's motion to stay is granted.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (brackets and citation omitted); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "The proponent

of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. District courts in this circuit analyze the following five factors in determining whether a stay is warranted pending a decision in a related matter:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (citation omitted); *accord United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014).

As several other courts have concluded, these factors favor staying this case pending the potential resolution of the *Grant-Vega* split. *See Pry v. Auto-Chlor Sys., LLC*, No. 23-CV-4541 (DEH), 2024 WL 3728981, at *2–3 (S.D.N.Y. Aug. 8, 2024) (finding that all five factors favor such a stay); *Urena v. Sonder USA Inc.*, No. 22-CV-7736 (VM), 2024 WL 1333012, at *2–3 (S.D.N.Y. Mar. 28, 2024) (same); *but see Bryant v. Buffalo Exch., Ltd.*, No. 23-CV-8286 (AS), 2024 WL 3675948, at *6 (S.D.N.Y. Aug. 6, 2024) (denying motion to stay similar case without applying the five factors). First, notwithstanding plaintiff's general "interest in having this matter resolved now," Opp'n 11, a stay would not unduly prejudice plaintiff or the putative class. The complaint only seeks liquidated damages for untimeliness and does not contend that plaintiff and the putative class members were not paid all the wages they are owed. *See Pry*, 2024 WL 3728981, at *2; *Urena*, 2024 WL 1333012, at *2. Delay in receiving such an award could be remedied by granting plaintiff the pre-judgment interest he seeks. *See* Compl. 14.

As for the remaining factors, the interests of defendant, the Court, nonparties, and the public all favor granting a stay. The only question of law in the motion-to-dismiss briefing is the question of New York law that the Court of Appeals may definitively resolve in *Grant*. *See* Mem.

in Supp. 3–15; Opp'n 4–10. Expending further resources of the Court and parties on a difficult question of New York law that the Court of Appeals may imminently resolve would be wasteful. *Pry*, 2024 WL 3728981, at *2 (noting that "preserv[ing] judicial resources[] . . . serves the interests of the courts and the public"); *accord Urena*, 2024 WL 1333012, at *2. The calculus might be different if the prospect of further review in *Grant* were remote. *Cf. Bryant*, 2024 WL 3675948, at *6 (denying motion to stay similar case because "it's not even certain that there will be" a decision by the Court of Appeals). But that does not appear to be the case here, because the motion for leave to appeal in *Grant* is unopposed and presents a significant question on which the State's intermediate courts have divided. If further review is denied in *Grant*, the parties may of course resume their litigation over the interpretation of Section 198 in this case.

In sum, the relevant factors favor a stay. Accordingly, defendant's motion to stay is granted.

## CONCLUSION

Defendant's motion to stay is granted. The case is stayed pending the New York Court of Appeals' potential review of *Grant v. Glob. Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (App. Div. 2024). The parties are directed to file a joint status report by May 9, 2025 or within two weeks of the Second Department's ruling on the motion for leave to appeal in *Grant*, whichever is sooner.

SO ORDERED.

                                            /s/ Rachel Kovner
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: November 9, 2024
       Brooklyn, New York